IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Lisa A. Muckelvaney, ) | |
| ) | C/A No. 3:05-1018-JFA-JRM |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Lisa A. Muckelvaney, brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final

1

decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Disability Insurance Benefits ("DIB").

The plaintiff first applied for DIB on July 1, 2003, alleging disability since May 1, 1995 from spinal problems, fibromyalgia, seizures, and depression. Her claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued a decision on November 16, 2004. The Appeals Council denied plaintiff's request for review making the ALJ's decision final on January 28, 2005. The ALJ determined that the plaintiff was not disabled and made the following findings.

1. The claimant meets the nondisability requirements for a Period of Disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and was insured for benefits through December 31, 2000, the date her disability insured status expired.

2. The claimant did not engage in substantial gainful activity since May 1, 1995 (the alleged onset of disability) through December 31, 2000 (the date her disability insured status expired).

3. The claimant's degenerative disc disease and bipolar disorder are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. During the period in issue, the claimant has the residual functional capacity for light work. During this period she was restricted from climbing and crawling. She was to have a sit/stand option at will. She was not to be exposed to hazards. She was not to be exposed to crowds. She was to work in no more than a low-stress, non-sequential production setting.

7. During the period in issue, the claimant was unable to perform any of her past relevant work (20 CFR § 404.1565).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 404.1563).

9. The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.17 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as a housekeeper and a bander.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through December 31, 2000 (the date disability insured status expired).

The plaintiff was 30 years old at the alleged onset of her disability and 35 years old at the time her insured disability status expired. She has an eleventh or twelfth-grade education and past relevant work as a cashier.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This

"substantial evidence" standard precludes the court in a *de novo* review of the factual circumstances from substituting its findings for those of the Commissioner. See, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed a comprehensive Report and Recommendation recommending that the Commissioner's decision be affirmed and submitting that the ALJ's findings are supported by substantial evidence. Because the Report provides a thorough recitation of the facts in this case, such will not be repeated in this order.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on August 15, 2006. As of the date of this order, neither party has filed objections to the Report within the time limits prescribed by the local rules of this district.

4

Having reviewed the findings of the ALJ, the parties' briefs and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper. The court adopts the Report and Recommendation of the Magistrate Judge, finding that the Commissioner's decision was based upon substantial evidence. Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 6, 2006
Columbia, South Carolina